C. W. MASSIE V. PALO PINTO INDEPENDENT SCHOOL DISTRICT.

Decided November 2, 1907.

**1.—School Trustees—Exclusive Power.**

Under the laws of this State school trustees in independent school districts are given full management and control of the free schools in their respective districts, and any attempted disposition of the school fund by any other authority is invalid.

**2.—School Tax—Offset.**

In a suit against an ex-treasurer of an independent school district for delinquent school taxes levied for a special purpose, the defense that defendant while such treasurer had paid out on vouchers issued by the board of trustees more money than he had received, and that his report showing this fact had been approved by the Commissioners' Court of the county, and later by the State superintendent of education, could not avail as an offset to taxes due by him individually.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*Martin & Smith,* for appellant.

*W. H. Penix,* for appellee.

CONNER, CHIEF JUSTICE.—The judgment appealed from in this case is one in favor of appellee for the aggregate sum of $65.15, due from appellant as delinquent and unpaid taxes, interest and costs for the years 1898, 1901, 1902, 1903 and 1904, with foreclosure of the tax lien upon certain real estate described in the petition. It was admitted on the trial, as in general terms it was alleged, that appellee prior to 1898 had duly incorporated under the laws of this State as an independent school district; and that on July 28 of that year it had duly and legally voted a special tax of twenty-five cents on every one hundred dollars valuation of all

taxable property within the district for the purpose of furnishing, constructing and repairing public school buildings. It was further admitted that the taxes sought to be recovered and adjudged had been for each of the years named "duly and legally levied;" that they had been duly returned delinquent and were unpaid. Appellant's only defense was that as treasurer of said school district he had during the scholastic year ending August 31, 1898, paid out on vouchers issued by the board of trustees the sum of $135.57 more than he had received.

We are of opinion that the court properly disregarded this defense, as he did by his rulings on demurrer, in excluding evidence, and in entering judgment for appellee. The taxes were authorized and imposed by the board of trustees of the appellee district for a special purpose, not including the payment of pre-existing indebtedness, as that of appellant's was shown to be, and such boards are given by law "full management and control" of the free schools within independent districts. See chapter XV, title 86, Revised Statutes. It therefore cannot avail appellant that his report as treasurer for the scholastic year ending August 31, 1898, and which showed the antecedent indebtedness herein claimed, was approved by the Commissioners' Court of Palo Pinto County and later by the State Superintendent of Education. Appellant nowhere shows an approval and direction of the board of trustees of the Palo Pinto Independent School District to pay his claim, and it would certainly defeat the purposes of the law if individual tax payers could refuse to pay taxes duly assessed and levied, on the grounds urged.

We conclude that all assignments of error should be overruled and the judgment affirmed.

*Affirmed.*